HON. JAMES A. HAYNES, JR. County Attorney, Chenango County
We acknowledge receipt of your letter inquiring whether the prohibition against an interest in the manufacture or sale of alcoholic beverages, which is set forth in Alcoholic Beverage Control Law, § 128, subdivision 1, applies to a town constable and to a town dog warden.
Alcoholic Beverage Control Law, § 128, subdivision 1, reads as follows:
 "1. It shall be unlawful for any police commissioner, police inspector, captain, sergeant, roundsman, patrolman or other police official or subordinate of any police department in the several villages, towns and cities of this state, to be either directly or indirectly interested in the manufacture or sale of alcoholic beverages or to offer for sale, or recommend to any licensee any alcoholic beverages. The solicitation or recommendation made to any licensee, to purchase any alcoholic beverages by any police official or subordinate as hereinabove described, shall be presumptive evidence of the interest of such official or subordinate in the manufacture or sale of alcoholic beverages."
The term "peace officer" and the term "police officer" are defined in Criminal Procedure Law, § 1.20, subdivisions 33 and 34, respectively. A "police officer" is included in the term "peace officer" but the term "peace officer" is not included within the term "police officer". It is provided in subdivision 33, defining "peace officer", that a constable or police constable of a city, county, town or village is included therein. However, in subdivision 34, constables are not included within the definition of "police officer".
Under Agriculture and Markets Law, § 119, subdivision 3, it is provided: "A dog warden shall have all the powers of a constable or other peace officer in the execution of the provisions of this article * * *." From the foregoing it will be seen that in respect to the enforcement of the Agriculture and Markets Law and for that purpose only the dog warden has the powers of a constable but you will note that the statute stops short of designating the dog warden as a constable or peace officer.
In our opinion, a dog warden has the powers of a constable or other peace officer in executing the appropriate provisions of the Agriculture and Markets Law but is not a constable or peace officer.
Vehicle and Traffic Law, § 132, defines a police officer as follows:
 "§ 132. Police officer. Every member of the state police and every duly designated peace officer."
In our opinion, for the purposes of Vehicle and Traffic Law, every duly designated "peace officer" is a "police officer", but this definition of "police officer" as encompassing all duly designated "peace officers" is restricted to the ambit of the Vehicle and Traffic Law.
In our opinion, although a town constable who is a "peace officer" is, for the purposes of the Vehicle and Traffic Law classified as a "police officer", it is for the purposes of that law only.
In our opinion, for the purposes contemplated in Alcoholic Beverage Control Law, § 128(1), neither a town constable nor a town dog warden is a "police officer" and the prohibition contained in that statute does not apply to either. We might add that even if a town constable were classified in the general statutes as a "police officer" such a constable would not necessarily be included in the prohibition in the Alcoholic Beverage Control Law because he would not necessarily be a member of a police department.
The Criminal Procedure Law does not require a county clerk to file certificates of conviction.
Dated: July 8, 1976
HON. RAYMOND F. LOUCKS County Attorney, Schenectady County
This is in reply to the recent letter from your office asking if the Criminal Procedure Law requires a county clerk to file certificates of conviction. It was noted in the letter that the former Code of Criminal Procedure required such filing; it was also noted that the Criminal Procedure Law contained no like provision.
Section 723 of the former Code of Criminal Procedure provided:
"Certificate, when filed
 "Within twenty days after the conviction, the court must cause the certificate to be filed in the office of the county."
Criminal Procedure Law (ch. 996, amended by ch. 997, Laws of 1970, with effective date of September 1, 1971) replaced the Code of Criminal Procedure. The distribution table preceding the Criminal Procedure Law shows that Code section 723 was omitted from the Criminal Procedure Law (11 A McKinney's Cons. Laws of N Y Ann., XLIX). No similar provision can be found in any other body of law.
CPL § 1.10 provides that the Criminal Procedure Law applies to all matters of criminal procedure. The procedures would apply to all criminal courts of this State, viz., superior courts and local criminal courts (CPL § 10.10). No language governing procedure in local criminal courts can be found to show any such certificate of conviction based upon criminal proceedings therein held must be filed with the county clerk. Thus, the procedures in local criminal courts are governed by the criminal procedure laws (UJCA § 2001; UCCA §2001; N.Y. City Crim. Ct. Act § 41; UDCA § 2001). That the provision requiring the filing of certificates of conviction with the county clerk was omitted from the CPL indicates there is neither a requirement for a court to file any such certificate nor a requirement that the county clerk file any such certificate. (See also 1972 Atty. Gen. [Inf.] 157, wherein the opinion was rendered that it is no longer necessary or required for village courts and town courts to file certificates of conviction in the office of the county clerk.)
We are of the opinion, therefore, that a county clerk is not required to file certificates of conviction.